FILED
MINNEAPOLIS, MINN
2020 JUL 17 PM 3:14
CITY CLERK DEPARTMENT

STATE OF MINNESOTA        DISTRICT COURT

COUNTY OF HENNEPIN        FOURTH JUDICIAL DISTRICT

Case Type: Civil Rights

---

Stephanie MacRae,        **Court File No.** _____

       Plaintiff,

vs.        **COMPLAINT**

Bradley Simonson and City of Minneapolis;

       Defendants.

---

## THE PARTIES

1. Plaintiff Stephanie MacRae ("Plaintiff") is a resident of Minneapolis, Minnesota.

2. Defendant City of Minneapolis ("Minneapolis") is a municipality incorporated in the State of Minnesota.

3. Defendant Bradley Simonson ("Officer Simonson") is a resident of Minnesota who at all times relevant to the allegations set forth in this Complaint was acting under color of state law in his capacity as a law enforcement officer employed by the City of Minneapolis, Minnesota. Plaintiff is suing his in his individual capacity.

## JURISDICTION

4. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988, Minn. Stat. § 363A.01 *et seq.* (the Minnesota Human Rights Act or MHRA), and federal and state common law. This Court has

EXHIBIT 2 - COMPLAINT

jurisdiction over the matter pursuant to Minn. Stat. § 484.01 *et seq.* and Minnesota common law. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## GENERAL ALLEGATIONS

5. On November 7, 2016, Plaintiff was driving her car in Minneapolis when she encountered Minneapolis police officers performing a high-risk felony stop of another vehicle that had been going the same direction as Plaintiff.

6. At least one of the Minneapolis police officers stopping the other vehicle had his gun drawn and pointed at the individuals who were being ordered to walk backward toward police with their hands up.

7. Plaintiff was afraid for her life, and did not feel that it would be safe to drive forward when at least one officer was continuously pointing his gun in the direction that Plaintiff would have to drive to exit the situation.

8. Plaintiff started filming the situation with her cell phone.

9. While Plaintiff was engaged in the lawful exercise of her constitutional right to film matters of public concern, Officer Simonson grabbed Plaintiff's phone and ordered her to drive forward.

10. Officer Simonson's order struck Plaintiff as absurd for two reasons.

11. First, Officer Simonson had seized Plaintiff's cell phone without a warrant.[1]

---

[1] *See Brown v. City of Bloomington*, CV 15-11(DSD/DTS), 2018 WL 3614125, at *9 (D. Minn. July 27, 2018) ("It is clearly established that the warrantless

EXHIBIT 2 - COMPLAINT

12. Second, a different officer still had his gun pointed in the direction Plaintiff would have had to drive had she attempted to follow Officer Simonson's order.

13. Officer Simonson then slammed Plaintiff's car door on her leg approximately three times.

14. Officer Simonson returned Plaintiff's phone to her, but he wrote her a false citation for 'obstructing legal process' and 'failing to obey the instructions of a motorcycle road guard flagger.'[2]

15. The prosecuting attorney dismissed these false charges on December 22, 2016.

16. The force Officer Simonson used on Plaintiff was unauthorized, excessive, and constitutionally improper.

17. Plaintiff had not committed a crime on November 7, 2016.

18. Plaintiff did not pose a threat, much less an immediate threat, to the safety of any officers or others on November 7, 2016.

19. Plaintiff did not actively resist arrest or attempt to evade arrest by flight on November 7, 2016.

---

seizure of property is a per se violation of the Fourth Amendment, and no objectively reasonable officer in George's position would have believed that there was a legal basis for the seizure of Melonie's cell phone.").

[2] *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) ("It is clearly established that 'the Fourteenth Amendment's guarantee of due process is violated by 'the manufacture of . . . false evidence.'"").

EXHIBIT 2 - COMPLAINT

FILED
MINNEAPOLIS, MINN
2020 JUL 17 PM 3: 14
CITY CLERK
DEPARTMENT

## COUNT I
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE

20. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

21. Officer Simonson violated Plaintiff's Fourth Amendment right to be free from excessive force.

22. Plaintiff was not resisting, fleeing, or a danger to herself or others on November 7, 2016.

23. Plaintiff had not committed any crime on November 7, 2016.

24. By the actions described above, Officer Simonson, under the color of state law, violated and deprived Plaintiff of Plaintiff's clearly established and well-settled right to be free from excessive force.

25. Officer Simonson subjected Plaintiff to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

26. As a direct and proximate result of the acts of Officer Simonson, Plaintiff was harmed.

27. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

28. Punitive damages are available against Defendants, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983),

FILED
MINNEAPOLIS, MINN
2020 JUL 17 PM 3:14
CITY CLERK
DEPARTMENT

and, as such, are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

## COUNT II
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – WARRANTLESS SEIZURE OF PROPERTY

29. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

30. At the time Officer Simonson seized Plaintiff's cell phone without a warrant, it was clearly established that the warrantless seizure of property is a per se violation of the Fourth Amendment.

31. No objectively reasonable officer in Officer Simonson's position would have believed that there was a legal basis for the seizure of Plaintiff's cell phone.[3]

32. By the actions described above, Officer Simonson, under the color of state law, violated and deprived Plaintiff of Plaintiff's clearly established and well-settled right to be free from a warrantless seizure of her property.

33. Officer Simonson subjected Plaintiff to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

---

[3] *See Dixon v. Lowery*, 302 F.3d 857, 864 (8th Cir. 2002) ("Under the Fourth Amendment, seizure of property without a warrant, in circumstances such as those present in this case, is unreasonable.").

EXHIBIT 2 - COMPLAINT

FILED
MINNEAPOLIS, MINN
2020 JUL 17 PM 3:14
CITY CLERK
DEPARTMENT

34. As a direct and proximate result of the acts or omissions of Officer Simonson, Plaintiff was harmed.

35. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

36. Punitive damages are available against Defendants, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

## COUNT III
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIFTH AND FOURTEENTH AMENDMENTS – FABRICATION OF EVIDENCE

37. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

38. By writing Plaintiff a false citation, Officer Simonson, under the color of state law, violated and deprived Plaintiff of Plaintiff's clearly established and well-settled due process right to be free from the fabrication of evidence.

39. Officer Simonson subjected Plaintiff to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

40. As a direct and proximate result of the acts of Officer Simonson, Plaintiff was harmed.

41. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

EXHIBIT 2 - COMPLAINT

42. Punitive damages are available against Defendants, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

### COUNT IV
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS – RETALIATORY USE OF FORCE

43. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

44. At the time Officer Simonson used force against Plaintiff, it was clearly established that it was unconstitutional for law enforcement to use force on someone in retaliation for engaging in free speech activities such as filming matters of public concern.

45. By the actions described above, Officer Simonson, under the color of state law, violated and deprived Plaintiff of Plaintiff's clearly established and well-settled right to be free from the retaliatory use of force.

46. Officer Simonson subjected Plaintiff to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

47. As a direct and proximate result of the acts or omissions of Officer Simonson, Plaintiff was harmed.

EXHIBIT 2 - COMPLAINT

48. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

49. Punitive damages are available against Defendants, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

## COUNT V
## DEPRIVATION OF CIVIL RIGHTS BY DEFENDANT CITY OF MINNEAPOLIS

50. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

51. Minneapolis has a custom and practice of using excessive force on people taking photographs or video footage of police activity.

52. A pre-existing pattern of such violations put Minneapolis on notice that a course of training or supervision was deficient in a particular respect.

53. Minneapolis failed to supervise, train, and correct this wrongful conduct.

54. This custom and practice was the moving force behind the constitutional violations discussed above.

55. This custom and practice evidences Minneapolis's deliberate indifference to the violations of the constitutional rights of people taking photographs or video footage of police activity.

56. Plaintiff suffered harm as a direct and proximate result of Minneapolis's custom and practice of allowing excessive force to be used on people taking photographs or video footage of police activity.

EXHIBIT 2 - COMPLAINT

FILED
MINNEAPOLIS, MINN

2020 JUL 17 PM 3:15

CITY CLERK
DEPARTMENT

## JURY DEMAND

57. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on her claims against Defendants in an amount exceeding $50,000, the exact amount to be proven at trial;

2. Declare that Defendants' conduct, as set forth above, violated Plaintiff's rights under the Constitution;

3. Award Plaintiff damages to compensate her for the injuries she suffered as a result of Defendants' unlawful conduct;

4. Award Plaintiff punitive damages;

5. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

6. Grant Plaintiff all statutory relief to which he is entitled; and

7. Grant any other relief the Court deems just and equitable.

Dated: July 17, 2020

/s/ Joshua Williams

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEY FOR PLAINTIFF**

EXHIBIT 2 - COMPLAINT

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: July 17, 2020

*[signature]*

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEY FOR PLAINTIFF**

*[Stamp: FILED MINNEAPOLIS, MINN. 2020 JUL 17 PM 3:15 CITY CLERK DEPARTMENT]*

EXHIBIT 2 - COMPLAINT